UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00868-SSS-SHKx | Date | June 27, 2023 |
|---|---|---|---|
| Title | *Margarito Figueroa v. ZBS Law, LLP, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DKTS. 8 & 15] AND VACATING THE HEARINGS SET FOR JUNE 30 AND JULY 14, 2023**

   Before the Court is Defendants' Fay Servicing, LLC and McCarthy and Holthus, LLP's (collectively, the "Defendants") Motion to Dismiss ("Motions") Plaintiff Margarito Figueroa's Complaint. [Dkts. 8 & 15]. As of the date of this Order, Figueroa's opposition deadlines have passed for both Motions and Figueroa has not filed an opposition. Accordingly, the Court reviews both Motions [Dkts. 8 & 15] in tandem. For the following reasons, the Motions are GRANTED and the hearings set for June 30 and July 14, 2023 are VACATED.

   Under Local Rule 7-12, a party's "failure to file any required document. . . may be deemed consent to the granting or denial of the motion. . ." As Figueroa failed to timely file his opposition to the Defendants' Motions, the Court deems his failure to be consent the granting of the Motion. L.R. 7-12.

   Even if Figueroa had filed an opposition, the Court would still find that Figueroa's Complaint is deficient under Rules 8 and 12(b)(6). Fed. R. Civ. P. 8 & 12(b)(6). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be

simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The purpose of the short and plain statement is to provide defendant(s) with fair notice of the claims alleged against them. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)("[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (citation omitted)). "A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]'" *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (quoting *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). Further, Rule 12(b)(6) requires that complaints "contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Subject to Rule 12(b)(6), the Court reviews the complaint for facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, Figueroa's Complaint fails to provide Defendants with sufficient notice of the claims against them. Figueroa appears to have lumped all the Defendants together to contend that the foreclosure sale of some property was fraudulent and illegal. [Dkt. 1]. Figueroa's Complaint alleges conclusory allegations stating that certain documents were "forged" and that that the trustee sale and foreclosure was "illegal." [Dkt. 1 at 3–4]. Such allegations are far too conclusory to support a "reasonable inference that the [Defendants] are liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 555 (finding that plaintiffs must provide "more than labels and conclusions" to survive a Rule 12(b)(6) motion). Accordingly, Figueroa's Complaint is deficient pursuant to Rules 8 and 12(b)(6). Fed. R. Civ. P. 8 & 12(b)(6).

Accordingly, Defendants' Motions [Dkts. 8 & 15] are **GRANTED** and the hearing set for June 30, 2023 and July 14, 2023 is hereby **VACATED**. Further, Figueroa is **GRANTED leave to amend** his Complaint to cure its deficiencies in compliance with this Order. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[District courts] should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Any amended complaint must be filed on or before **July 10, 2023**. If Figueroa chooses to file a First Amended Complaint, he is **DIRECTED** to file contemporaneously therewith a Notice of

Lodging to the Complaint that provides the Court with a redline version that shows the amendments.

The Court cannot provide legal advice to any party, including *pro se* litigants, i.e., parties who are not represented by a lawyer.  However, there is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.  Additionally, Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance.  The Federal Pro Se Clinic is located at the George E. Brown Federal Building, 3420 Twelfth Street, Room 125, Riverside, California 92501.  Further information about the Federal Pro Se Clinic can be found at http://prose.cacd.uscourts.gov/.

Although Figueroa is proceeding *pro se*, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure.  *See* L.R. 83-2.2.3.  The Local Rules are available on the Court's website at https://www.cacd.uscourts.gov/court-procedures/local-rules.

**IT IS SO ORDERED.**